## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS
## AT KANSAS CITY, KANSAS

| | |
|---|---|
| MELODY A. GILES,                          ) | |
|                                           ) | |
|     Plaintiff,         ) | |
|                                           ) | |
| v.                                        ) | Case No. |
|                                           ) | |
| WALMART, INC., and                        ) | |
| MAHASKA BOTTLING                          ) | |
| COMPANY,                                  ) | |
|                                           ) | |
|     Defendants.        ) | |
| _____ ) | |

## <u>COMPLAINT</u>

COMES NOW Plaintiff, MELODY A. GILES, by her counsel, Bradley A. Pistotnik and William L. Barr, Jr. of Brad Pistotnik Law, P.A. and for her claims against Defendants, WALMART, INC. (WALMART), and MAHASKA BOTTLING COMPANY (MAHASKA) alleges and states:

1.  Plaintiff, MELODY A. GILES, is a resident of Kansas.

2.  This Court has proper venue and jurisdiction over the parties and subject matter.

3.  Defendant, WALMART, INC. (WALMART), is a corporation incorporated under the laws of the State of Delaware and having principal place of business in a state other than the state of which plaintiff is a citizen. A Corporation that maintains and operates retail stores at locations both in Kansas and throughout the United States. It may be served in Kansas at the office of its registered resident agent, The Corporation Company, Inc., 112 SW 7th Street, Suite 3C, Topeka, Kansas 66603.

4.  Defendant, MAHASKA BOTTLING COMPANY (MAHASKA), is a corporation

1

incorporated under the laws of the State of Iowa and having a principal place of business in a state other than the state of which plaintiff is a citizen. A Corporation that maintains and operates bottling facilities at locations both in Kansas and throughout the Midwest. It may be served in Iowa through its registered agent Darrell Baxter at its home office at 1407 17th Ave. E, Oskaloosa, IA. 52577.

5.      This action is brought pursuant to 28 U.S.C. Section 1332(a) on the basis of diversity of citizenship. The matter is in excess of the sum of Seventy-Five Thousand and no/100 Dollars ($75,000.00) exclusive of interest and costs.

6.      Prior to and on February 16, 2019 Defendant, WALMART, was in the business of owning and operating retail discount stores in Kansas and throughout the United States.

7.      Prior to and on February 16, 2019 Defendant, WALMART, owned, controlled  and maintained a retail store # 558 at 2900 S 9th St, Salina, KS 67401.

8.      Prior to and on February 16, 2019 Defendant, MAHASKA, contracted with Defendant, WALMART, to deliver, merchandise, and display its bottled drink products including Pepsi-Cola to be sold by Defendant, WALMART, at the above-mentioned WALMART retail store location for the mutual economic benefit of both Defendant, WALMART and Defendant, MAHASKA.

## COUNT I - NEGLIGENCE - WALMART

9.      On February 16, 2019 an employee of Defendant, MAHASKA, was delivering Pepsi-Cola bottled drink products at the above-mentioned WALMART retail store location for the mutual benefit of both Defendant, WALMART and Defendant, MAHASKA, and upon entering the subject WALMART retail store was acting as Defendants' shared agent.

10.     At the above-mentioned time and place the shared agent of Defendants, WALMART and

2

MAHASKA, was wearing ear buds listening to music while pushing a large delivery cart into the store. He could not hear customers in his vicinity and could not see the floor area ahead of his cart. He had been previously told by Defendants not to wear ear buds during deliveries yet he, nevertheless, chose to push a large heavy cart piled high with Pepsi-Cola products forward into a customer self-checkout area of the subject WALMART store without first determining whether the path ahead for the cart was clear.

11.     At the above-mentioned time and place Plaintiff, MELODY A. GILES, was an invitee, shopping as a business customer at the above-mentioned store and was at all times herein relevant in the exercise of reasonable care for her own safety.

12.     At the above-mentioned time and place Plaintiff, MELODY A. GILES, was standing in the customer self-checkout area of the Defendant, WALMART, when she was struck by the cart being pushed by the mutual shared agent of Defendant, WALMART, and Defendant, MAHASKA, and was forcibly knocked to the floor, suffering severe, permanent injuries.

13.     The acts and omissions of Defendants' employees, agents, independent contractors and servants alleged herein are the acts and omissions of Defendants, WALMART and MAHASKA, based on the doctrines of *Respondeat Superior* and Vicarious Liability.

14.     At the abovementioned time and place and at all times herein relevant, Defendant, WALMART, acting individually, by its employees, agents, shared agents, and contractors, committed one or more of the following negligent acts or omissions:

    a)      Failed to provide a safe secure entrance area for product deliveries;

    b)      Allowed an employee to make deliveries while distracted by listening to music;

    c)      Failed to provide employees to protect customer safety during product deliveries;

    d)      Permitted large product deliveries to be moved unprotected through customer areas;

e)      Failed to create a clear delivery path through a congested customer area;

f)      Failed to train its employees to protect its customers' safety during deliveries;

g)      Allowed a large product delivery to be moved unescorted through a customer area;

h)      Failed to take reasonable steps to provide customer safety during deliveries;

i)      Failed to train its management staff to recognize hazardous product deliveries;

j)      Failed to train its employees to direct product deliveries to avoid customer contact;

k)      Failed to supervise large product deliveries to its store in a reasonably safe manner;

l)      Failed to utilize a procedural system to provide customer safety during deliveries;

m)      Failed to place barriers, warning signs, cones or other warning devices to warn customers that product was being delivered;

n)      Failed to use ordinary and reasonable care in maintenance of its premises as required under the case of *Jones v. Hansen* 254 Kan. 499. (1994);

o)      Failed to barricade a delivery aisle to prevent injury;

p)      Negligent hiring, retention, qualification, supervision, and training of its managers, employees, agents, independent contractors and supervisory personnel;

q)      Defendant and its respective agents, employees and representatives was careless, negligent and wanton for negligent hiring, training, supervision, and retention of store managers, assistant managers, employees, agents, independent contractors and other servants overseeing the day to day operation of the store as well as their statewide, regional and nationwide managers and other supervisory personnel. Defendant, negligently and/or wantonly hired unfit employees and agents and then failed to train, supervise, and monitor them and additionally retained employees and agents that were not performing their jobs properly or

4

adequately. This includes, but is not limited to store management and supervisory personnel. Defendant has an obligation to use reasonable care in selecting and retaining their managers, employees, agents, and independent contractors, and was negligent in hiring, selection, training, monitoring and retaining their managers, employees, agents, and independent contractors, including, but not limited to the store manager at the store where the fall occurred. Defendant negligently and wantonly failed to use reasonable care in hiring, selecting, training, monitoring, and retention of its managers, employees and agents, including, but not limited to supervisory personnel.   Defendant, knew or reasonably should have known that it was not hiring safe and competent managers, employees, agents, independent contractors and supervisory personnel and negligently and wantonly violated its duty to hire safe and competent managers, employees, agents, independent contractors and supervisory personnel. Defendant, knew or reasonably should have known that its managers, employees, agents and independent contractors including, but not limited to its supervisory personnel, created and were an undue risk of harm to its customers including Plaintiff, and negligently and wantonly failed to reprimand, retrain, or terminate its managers, employees, agents, and independent contractors, including its supervisory personnel;

r)      Defendant's hiring, training, monitoring, supervision, and retention of unsafe and incompetent employees, agents and independent contractors including the supervisory personnel proximately caused injuries to Plaintiff;

s)      Failed to have adequate safety management protocols in place through the use of an

5

employee orientation, use of safety manuals and training videos along with a comprehensive testing program that would allow it to determine if its safety program was comprehended and understood by its managers, employees, agents, independent contractors and supervisory personnel and was set up to inspect the premises and floors for hazards properly;

t)    Other negligent actions and omissions that will be supplemented during the course of discovery.

15.   As a proximate result of the negligent actions or omissions of Defendant, WALMART, individually and by its employees, agents, independent contractors and servants, Plaintiff, MELODY A. GILES, was struck by a heavy Pepsi-Cola delivery cart and knocked down; she suffered lumbar disc, low back injuries, including radiating sciatic pain into her left leg; she may also have aggravated pre-existing conditions and was otherwise injured and damaged. Plaintiff has been damaged by pain, suffering, mental anguish, loss of time, loss of enjoyment of life, medical expenses, economic loss, permanent disfigurement, and permanent disability. In the future, Plaintiff will endure pain, suffering, mental anguish, loss of time, loss of enjoyment of life, incur medical expense, economic loss, permanent disfigurement and permanent disability.  For the aforementioned damages, Plaintiff has been damaged in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

## **COUNT - II - NEGLIGENCE - MAHASKA**

16.   For paragraph 16 Plaintiff of her Complaint Plaintiff re-alleges and incorporates paragraphs 1- 14 above as though fully set forth herein

17.   On February 16, 2019 an employee of Defendant, MAHASKA, was delivering Pepsi-Cola bottled drink products at the above-mentioned WALMART retail store location for the

mutual benefit of both Defendant, WALMART, and Defendant, MAHASKA, and upon entering the subject WALMART retail store was acting as Defendants' shared agent.

18.     At the above-mentioned time and place the shared agent of Defendants, WALMART and MAHASKA, was wearing ear buds listening to music while pushing a large delivery cart into the store. He could not hear customers in his vicinity and could not see the floor area ahead of his cart. He had been previously told by Defendants not to wear ear buds during deliveries yet he, nevertheless, chose to push a large heavy cart piled high with Pepsi-Cola products forward into a customer self-checkout area of the subject WALMART store without first determining whether the path ahead for the cart was clear.

19.     At the above-mentioned time and place Plaintiff, MELODY A. GILES, was an invitee, shopping as a business customer at the above-mentioned store and was at all times herein relevant in the exercise of reasonable care for her own safety.

20.     At the above-mentioned time and place Plaintiff, MELODY A. GILES, was standing in the customer self-checkout area of the Defendant, WALMART, when she was struck by the cart being pushed by the mutual shared agent of Defendant, WALMART, and Defendant, MAHASKA, and was forcibly knocked to the floor, suffering severe, permanent injuries.

21.     The acts and omissions of Defendants' employees, agents, independent contractors and servants alleged herein are the acts and omissions of Defendants, WALMART and MAHASKA, based on the doctrines of *Respondeat Superior* and Vicarious Liability.

22.     At the abovementioned time and place and at all times herein relevant, Defendant, MAHASKA, acting individually or by its employees, agents, shared agents, and contractors, committed one or more of the following negligent acts or omissions:

a)      Failed to provide a safe secure entrance area for product deliveries;

b)      Allowed an employee to make deliveries while distracted by listening to music;

c)      Failed to provide employees to protect customer safety during product deliveries;

d)      Permitted large product deliveries to be moved unprotected through customer areas;

e)      Failed to create a clear delivery path through a congested customer area;

f)      Failed to train its employees to protect its customers' safety during deliveries;

g)      Allowed a large product delivery to be moved unescorted through a customer area;

h)      Failed to take reasonable steps to provide customer safety during deliveries;

i)      Failed to train its management staff to recognize hazardous product deliveries;

j)      Failed to train its employees to direct product deliveries to avoid customer contact;

k)      Failed to supervise large product deliveries to its store in a reasonably safe manner;

l)      Failed to utilize a procedural system to provide customer safety during deliveries;

m)      Failed to place barriers, warning signs, cones or other warning devices to warn customers that product was being delivered;

n)      Failed to use ordinary and reasonable care in maintenance of its premises as required under the case of *Jones v. Hansen* 254 Kan. 499. (1994);

o)      Failed to barricade a delivery aisle to prevent injury;

p)      Negligent hiring, retention, qualification, supervision, and training of its managers, employees, agents, independent contractors and supervisory personnel;

q)      Defendant and its respective agents, employees and representatives was careless, negligent and wanton for negligent hiring, training, supervision, and retention of store managers, assistant managers, employees, agents, independent contractors and other servants overseeing the day to day operation of the store as well as their statewide, regional and nationwide managers and other supervisory

personnel. Defendant, negligently and/or wantonly hired unfit employees and agents and then failed to train, supervise, and monitor them and additionally retained employees and agents that were not performing their jobs properly or adequately. This includes, but is not limited to store management and supervisory personnel. Defendant has an obligation to use reasonable care in selecting and retaining their managers, employees, agents, and independent contractors, and was negligent in hiring, selection, training, monitoring and retaining their managers, employees, agents, and independent contractors, including, but not limited to the store manager at the store where the fall occurred. Defendant negligently and wantonly failed to use reasonable care in hiring, selecting, training, monitoring, and retention of its managers, employees and agents, including, but not limited to supervisory personnel.   Defendant, knew or reasonably should have known that it was not hiring safe and competent managers, employees, agents, independent contractors and supervisory personnel and negligently and wantonly violated its duty to hire safe and competent managers, employees, agents, independent contractors and supervisory personnel. Defendant, knew or reasonably should have known that its managers, employees, agents and independent contractors including, but not limited to its supervisory personnel, created and were an undue risk of harm to its customers including Plaintiff, and negligently and wantonly failed to reprimand, retrain, or terminate its managers, employees, agents, and independent contractors, including its supervisory personnel;

r)     Defendant's hiring, training, monitoring, supervision, and retention of unsafe and

incompetent employees, agents and independent contractors including the supervisory personnel proximately caused injuries to Plaintiff;

s)     Failed to have adequate safety management protocols in place through the use of an employee orientation, use of safety manuals and training videos along with a comprehensive testing program that would allow it to determine if its safety program was comprehended and understood by its managers, employees, agents, independent contractors and supervisory personnel and was set up to inspect the premises and floors for hazards properly;

t)     Other negligent actions and omissions that will be supplemented during the course of discovery.

23.     As a proximate result of the negligent actions or omissions of Defendant, MAHASKA, individually and by its employees, agents, independent contractors and servants, Plaintiff, MELODY A. GILES, was struck from behind by a heavy Pepsi-Cola delivery cart and knocked down; she suffered lumbar disc, low back injuries, including radiating sciatic pain into her left leg; she may also have aggravated pre-existing conditions and was otherwise injured and damaged. Plaintiff has been damaged by pain, suffering, mental anguish, loss of time, loss of enjoyment of life, medical expenses, economic loss, permanent disfigurement, and permanent disability. In the future, Plaintiff will endure pain, suffering, mental anguish, loss of time, loss of enjoyment of life, incur medical expense, economic loss, permanent disfigurement and permanent disability. For the aforementioned damages, Plaintiff has been damaged in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

WHEREFORE, Plaintiff, MELODY A. GILES, prays for judgment against Defendants, WALMART, INC., and MAHASKA BOTTLING COMPANY, in an amount in excess of

SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), for her damages, for her costs incurred

in bringing this action, and for such other and further relief as the Court deems just and equitable.

**BRAD PISTOTNIK LAW, P.A.**

*/s/ William L. Barr, Jr.*
William L. Barr, Jr., # 26775
Bradley A. Pistotnik, #10626
10111 E. 21st Street, Suite 204
Wichita, Kansas 67206
316-684-4400/Fax: 316-684-4405
bill@bradpistotniklaw.com
brad@bradpistotniklaw.com
*Attorney for Plaintiff*

## DEMAND FOR PRETRIAL CONFERENCE AND JURY TRIAL

COMES NOW Plaintiff and demands a pretrial conference and a trial by jury in this matter.

## DESIGNATION FOR PLACE OF TRIAL

COMES NOW Plaintiff and designates Kansas City, Kansas as the place for trial in this

matter.

**BRAD PISTOTNIK LAW, P.A.**

*/s/ William L. Barr, Jr.*
William L. Barr, Jr., #26775

11